JAMES TALCOTT, Respondent, *against* ISAAC D. EINSTEIN, Impleaded, &c., Appellant.

(Decided April 4th, 1881.)

In May and June, 1879, goods were purchased or ordered from the plaintiff, without any note or memorandum subscribed by the parties, or any acceptance of the goods or payment of purchase-money, within the requirements of the Statute of Frauds. The goods remained in the plaintiff's possession until August 14th, 1879, when, the purchasers having sent for them on the preceding day, they were delivered. Between the dates of the purchase and the delivery, the purchasers had become financially embarrassed, and on August 20th, 1879, made a general assignment for the benefit of creditors, with preferences. *Held*, in an action of replevin for the goods by the vendor against the assignee, that the circumstances warranted an inference by the jury of fraud on the part of the purchasers in obtaining the delivery of the goods on August 14th, 1879; and that, as there was no valid contract of sale before such delivery, a verdict for the plaintiff should be sustained.

APPEAL from a judgment of the general term of the Marine Court of the City of New York, affirming a judgment of that court entered upon the verdict of a jury, and from an order affirming an order denying a motion for a new trial.

Between May 12th, 1879, and June 5th, 1879, the firm of Nathan Mayer & Co. made, it was claimed, five different purchases of goods from plaintiff, and the bills made out by plaintiff were all substantially as follows, except as to the goods and amounts:

Talcott *v.* Einstein.

*" Claims for damages or errors must be made on receipt of goods.*

NEW YORK, May 12th, 1879.

*Mr. Nathan Mayer & Co.*

Bought of James Talcott,

Commission Merchant,

108 and 110 Franklin street.

5–30. Sept. 1.

1367. 30 doz. 246 White S.

    18 " " " D.

1763. 48 " " " S. 96, *a* 2.35 - - - - $225.60

Received May 19th, 1 case.

Held subject to your order."

The second bill was of May 15th, 1879, for $210; the third, of May 22d, 1879, for $260; the fourth, of May 28th, 1879, for $130; and the fifth, of June 5th, 1879, for $135. None of the goods, except the one case mentioned in the first bill as " received May 19th," were delivered until August 14th, 1879, when they were all delivered upon an order received from Mayer & Co. the day before. On August 20th, 1879, the vendees made a general assignment, with preferences, to the defendant Isaac D. Einstein. Plaintiff demanded the goods from the assignee on August 23d, 1879, and brought this action to recover them, alleging that they were obtained by fraud.

At the trial the jury found a verdict for the plaintiff. A motion by the defendant for a new trial was denied, and judgment in favor of the plaintiff was entered on the verdict. From the judgment and and the order denying his motion for a new trial the defendant appealed to the general term of the Marine Court, which affirmed both; and from this decision the defendant appealed to this court.

*Blumenstiel & Hirsch*, for appellant.

*L. L. Van Allen*, for respondent.

J. F. DALY, J.—[After stating the facts as above.]—It is not claimed that Mayer & Co. were embarrassed or insolvent at the dates these goods were purchased or ordered, viz., from May 12th to June 5th, 1879. As their circumstances, however, afterwards changed, and they became embarrassed in July and August, 1879, their sending for the goods and obtaining them from plaintiff on August 14th, 1879, without disclosing their condition, and their subsequently making the general assignment of August 20th, 1879, are circumstances warranting the inference, as plaintiff claims, that they intended to defraud him, and to obtain these goods in order to swell the assets, which were to be devoted to paying preferred creditors.

Whether such a fraudulent intent existing in July and August, 1879, and not before, would affect the vendees' title to these goods, depends upon whether the title passed at the date of the bills or the date of delivery. That question was left to the jury ; the plaintiff having asked the court " to charge that the transactions of May and June, not being consummated by the delivery until August, that there was really no sale until the delivery ;" to which the court answered : " The sale was not proved." The defendant excepted to that, and the court said : " The whole matter is, however, to be taken into consideration by the jury."

As far as the evidence goes in the case before us, there was no sale at any of the dates which the bills, put in evidence by defendant, bear. The contract was void under the Statute of Frauds, for there was no memorandum signed by either party (*Justice* v. *Lang*, 42 N. Y. 493 ; 52 N. Y. 323), no part payment, no delivery or acceptance. There is no evidence to show what was done between vendor and vendee at the dates in May and June, recited in the bills, and there seems to have been no liability incurred by the vendee until the delivery and acceptance on August 14th. The recitals in the bills made out by the vendor that the goods were held subject to the vendees' order, did not bind the latter. It did not take the case out of the statute for the purchaser to say or agree that the goods might remain on bailment with the vendor.

Talcott *v.* Einsteim.

Words are not sufficient to make a delivery (*Shindler* v. *Houston*, 1 N. Y. 261).

For all that appears in proof, the transaction might have been repudiated by either party up to the actual delivery on August 14th, and that date must therefore be taken as the date of the contract of sale, as well as of the delivery. If the facts in evidence justified a presumption to the contrary, it was for the jury to make the presumption, but it appears that the jury by their verdict found there was no presumption to the contrary.

On the question of fraud, the proof, as already remarked, warranted the inference of the jury that there was an intent to deprive plaintiff of these goods. This question on the facts must always be a question for the jury; the embarrassed state of Mayer in July and the early part of August, and his general assignment, with preferences, within a week after ordering all these five purchases, are sufficient to sustain the verdict.

There was no error in sustaining the objection to the question put to the witness Rosenbaum: "State whether, in August, when Mr. Mayer returned, you had made any promises to help Mr. Mayer out with a loan of money?" (21 Hun, 642) because the question was not so framed as to relate to a time in August prior to the 13th, when these goods were ordered to be delivered. The question permitted an answer as to promises made at any time in August, Mr. Mayer having returned in the middle of July.

The judgment and order appealed from should be affirmed.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.

Judgment and order affirmed, with costs.